IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINTON T. ELDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:03-cv-408-GPM |
| | ) |
| KATHLEEN HAWK SAWYER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Emergency Motion for Hearing filed by the plaintiff, Clinton Eldridge, on May 11, 2005 (Doc. 80), the Motion for Failure to Make Available Requested Discovery Material filed by Eldridge on June 2, 2005 (Doc. 92), the Motion to Compel filed by Eldridge on June 17, 2005 (Doc. 96), the Motion to File Second Set of Admissions filed by Eldridge on June 9, 2006 (Doc. 97); and the Motion for Leave to File Second Set of Interrogatories filed by Eldridge on July 6, 2005 (Doc. 98).  For the reasons set forth below, the Emergency Motion for Hearing is **DENIED** (Doc. 80), the Motion for Failure to Make Available Requested Discovery Material is **DENIED**  (Doc. 92), the Motion to Compel is **DENIED** (Doc. 96), the Motion to File Second Set of Admissions is **DENIED** (Doc. 97) and the Motion for Leave to File Second Set of Interrogatories is **DENIED** (Doc. 98).

### BACKGROUND

The facts of this case have been previously outlined in earlier orders and will not be repeated in detail here.  The plaintiff, Clinton Eldridge, is essentially alleging that the defendants have been deliberately indifferent to serious medical needs.

## DISCUSSION

### EMERGENCY MOTION FOR HEARING (DOC. 80)

In this motion, the plaintiff alleges that he is being deprived the use of a wheelchair and consequently that he must crawl from place to place in the jail. These are the exact same arguments that Eldridge has made in prior motions that have been denied by this court. Eldridge attaches to this latest motions various medical documents from 1995 and 2001 that do not relate to whether, at the time of the motion, he requires a wheelchair or a walker due to medical necessity. That he may, at some point in the past, have been given a walker, a wheelchair, or a back brace does not translate into a present requirement that the jail provide such instruments. As the Court has already addressed these issues in the order dated March 29, 2005 (Doc. 59), this motion is similarly **DENIED**.

### Motion for Failure to Make Available Requested Discovery Material (Doc. 92)

In this motion, Eldridge seeks documents from defendants Bakke, Cross, Overton, and Welch. These documents include Eldridge's medical records, various policies, statements concerning complaints against these defendants, and information concerning their licenses. It is unclear from the motion when the discovery requests were served on the defendants, what responses the defendants made, or when the defendants responded to this discovery request. From the defendants' response, however, it appears that the plaintiff has already been provided portions of his medical records and his inmate records. It also appears that the other documents the plaintiff has requested are available through other means. As the defendant notes, various regulations located in 28 CFR §513, subpart D, provide the procedure which the plaintiff must

employ in order to seek out much of the documentation that he wants. The plaintiff is not entitled to seek from the defendants material that he can just as easily find for himself.

With respect to the remainder of the documents that the plaintiff requests, it is unclear what answer the defendants have given him regarding the defendants' medical qualifications. The plaintiff may refile this motion with respect to those documents and shall provide a copy of the request and the answer.

### MOTION TO COMPEL (DOC. 96)

In this motion, the plaintiff seeks a Court order compelling the defendants to provide parts of his medical record and his inmate file (which would include grievances filed). As stated above, the plaintiff may employ the methods contained in the federal regulations to acquire these documents.

### MOTION FOR LEAVE TO FILE SECOND SET OF REQUESTS FOR ADMISSIONS (DOC. 97)

In this motion, the plaintiff seeks to file another set of admissions directed to defendants Welch, Stepp, and Bakke related to a syringe that the plaintiff alleges was left with him. It is wholly unclear what purpose would be served by the re-submission of these requests. As the defendants have pointed out in the response to requests to admit, many of these requests are compound, require the production of documents, and are otherwise seeking information that goes beyond a simple request to admit or deny "statements or opinions of fact or of the application of law to fact." FED. R. CIV. P. 36(a). In addition, it further appears that the plaintiff already has received a statement concerning the syringe that would render an admission futile.

### MOTION FOR LEAVE TO FILE SECOND SET OF INTERROGATORIES (DOC. 98)

Finally, Eldridge reiterates, in this motion, his request that the defendants provide certain

3

log books.  As indicated above, the plaintiff should seeks such documents by employing the methods found in the Code of Federal Regulation.

For the foregoing reasons, the Emergency Motion for Hearing filed by Eldridge on May 11, 2005 is **DENIED** (Doc. 80), the Motion for Failure to Make Available Requested Discovery Material filed by Eldridge on June 2, 2005 is **DENIED** (Doc. 92), the Motion to Compel filed by Eldridge on June 17, 2005 is **DENIED** (Doc. 96), the Motion to File Second Set of Admissions filed by Eldridge on June 9, 2006 is **DENIED** (Doc. 97); and the Motion for Leave to File Second Set of Interrogatories filed by Eldridge on July 6, 2005 is **DENIED** (Doc. 98).

**DATED: August 5, 2005**

                                                    **s/ Donald G. Wilkerson**
                                                    **DONALD G. WILKERSON**
                                                    **United States Magistrate Judge**